Mr. Jerry Larkowski, Chairman Pulaski County Election Commission 201 South Broadway, Suite 360 Little Rock, Arkansas 72201
Dear Mr. Larkowski:
I am writing in response to your request for an opinion on the inclusion of unopposed candidates' names on the primary ballot. You note that A.C.A. § 7-7-304(a)(2) and (c) require "all party candidates' names [to] be printed on the ballot even if the candidate has no opposition." You state that "[a]t issue is the manner in which the names are to appear on the ballot. In a General Election with paper ballots (A.C.A. §7-5-208(f)(2)), the names of unopposed candidates are grouped together and voters may cast a vote for all unopposed candidates." You also state that "[t]here is no distinguishing language in either A.C.A. § 7-7-304 or 305 that indicates how the names are to appear on the primary ballot." You pose two questions regarding these facts, as follows:
 1. In printing ballots for primary elections, must each unopposed candidate appear separately with a place in which the voter may cast a vote for each unopposed candidate so the votes may be separately counted and tabulated?
 2. Or, may the names of all unopposed candidates be grouped together on the ballot indicating the office and the name of the unopposed candidate in a single column as in A.C.A. § 7-5-208 (f)(2)(A)?
RESPONSE
It is my opinion that the answer to your first question is "no," and the answer to your second question is "yes." Such grouping is permissible. Your two questions are related, so I will address them together.
Section 7-7-304(a)(1) and (c), both of which were amended byAct 332 of 2003, provide as follows:
 (a)(1) Whenever a person qualifies for a primary election of a political party as a candidate for an office or position, his or her name shall be printed on the ballot at the preferential primary election.
* * *
 (c) When only one (1) candidate qualifies for a particular office or position, the office or position and the name of the unopposed candidate shall be printed on the political party's ballot in all primary elections.[1]
As you note, the 2003 amendment does not specify in what manner the names of such candidates are to be printed on the ballot.
In addition to the newly amended statute above, however, A.C.A. §7-7-305(a) (Supp. 2003) provides in pertinent part that: "The ballots of the primary election shall be provided by the county board of election commissioners. The form of the ballots shall be the same as is provided by law for ballots in general or special elections in this state." You reference A.C.A. § 7-5-208 in this regard. That statute governs the form of paper ballots in general elections. Subsection (f)(1) and (f)(2)(A) of this statute provide as follows:
 (f)(1) Every ballot shall contain the name of each candidate who has been nominated or has qualified in accordance with law for each office. The names of the candidates shall be listed in a perpendicular column under the name of each office to be filled.
 (2)(A) However, the names of all unopposed candidates for offices for which no notice has been filed within the time prescribed in § 7-5-205,[2] except the names of all unopposed candidates for the office of mayor or circuit clerk,[3] shall be grouped together on the ballot indicating the office and the name of the unopposed candidate for each office in a single column. At the top of the list of the names of all unopposed candidates there shall appear on the ballot the words "Unopposed Candidates", and to the right thereof there shall be a square in which the voter may cast a vote for all the candidates by placing an appropriate mark, so that the votes may be separately counted and tabulated as required in § 7-5-205.
Your first question is whether A.C.A. § 7-7-304(a)(1) and (c) require a separate listing and tabulation of the votes cast for unopposed primary candidates. Your second question inquires, in the alternative, whether the new language of A.C.A. § 7-7-304 concerning primary elections will allow a grouping of unopposed candidates similar to that allowed in the general election under A.C.A. § 7-5-208 above.
As stated earlier, it is my opinion that the answer to your first question is "no," and the answer to your second question is "yes." Grouping similar to that permitted under A.C.A. § 7-5-208(f)(2) above is permissible for unopposed candidates on the primary ballot.
First, A.C.A. § 7-7-304(a)(1) and (c) do not specify any particular manner for listing the unopposed candidates on the ballot. Section7-7-304 requires only that the office or position and the names of such candidates "shall be printed on the . . . ballot. . . ." Second, A.C.A. § 7-7-305(a) dictates that the "form" of the primary ballot "shall be the same as is provided by law for ballots in general or special elections. . . ."[4] See also A.C.A. § 7-7-201(d) (Supp. 2003). Section 7-5-208
provides the form of the ballot in general elections and provides for the grouping of unopposed candidates. While obviously, some portions of this statute will not have applicability to primary elections (see notes 2 and 3, supra), in my opinion the procedure for grouping unopposed candidates in § 7-5-208 can be applied to the primary ballots by virtue of A.C.A. §7-7-305(a). It is therefore my opinion that the answer to your second question is "yes," such grouping is permissible.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Prior to the 2003 amendment, this statute provided for the printing of such names on the primary ballot only when two or more persons qualified for the office or position in question.
[2] Section 7-5-205 requires a write-in candidate to notify the county board of election commissioners and either the Secretary of State or county clerk, as the case may be, of his intention to be a write-in candidate not later than sixty days before Election Day. This requirement does not apply to primary elections, the ballots for which are not required to include blank lines for such candidates. A.C.A. § 7-7-304
(f)(3).
[3] This requirement emanates from A.C.A. § 7-5-315(1) and Arkansas Constitution, Amendment 7 ("Local Petitions") ("Municipalities and Counties"). The votes cast in the general election for these local offices are used to calculate the signatures required on local initiative and referendum petitions.
[4] See also A.C.A. § 7-5-604(b) (providing that "[s]o far as applicable, the procedures provided by law for voting by other means and the conduct of the election . . . not otherwise inconsistent with this subchapter, shall apply to the system of electronic voting and tabulation as authorized in this subchapter"); A.C.A. § 7-5-609(a) (providing that "voter information shall, as far as practicable, be in the order of arrangement provided by law for paper ballots . . ."); and Op. Att'y Gen. 94-280, (characterizing Pulaski County's system of voting as an "electronic voting system" governed by A.C.A. §§ 7-5-601—615).